# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIGHID BAUER,** | : | No. 3:18cv779 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
|     v. | : | |
| **LACKAWANNA COUNTY d/b/a** | : | |
| **LACKAWANNA COUNTY** | : | |
| **SHERIFF'S DEPARTMENT AND** | : | |
| **DEPUTY CHAS VALENZA** | : | |
| *individually and in his official* | : | |
| *capacity as Deputy for the* | : | |
| *Lackawanna County Sheriff's* | : | |
| *Department* | : | |
|     **Defendants** | : | |

......................................................................................................

## **MEMORANDUM**

Before the court for disposition is a motion to dismiss and a motion for a more definite statement filed by the defendants in this civil rights action. The motions have been briefed and the matter is ripe for disposition.

## Background

On August 9, 2016, Plaintiff Brighid Bauer (hereinafter "plaintiff") operated her vehicle on Montage Mountain Road to attend a sporting event at PNC Field in Moosic, Pennsylvania. (Doc. 7, Am. Compl. ¶ 6). As the plaintiff approached the entrance to the stadium, she attempted to merge into traffic to make a left turn into PNC Field when Defendant Deputy Chas Valenza—who was directing traffic—stopped her. (Id. ¶¶ 9-10).

The plaintiff alleges that although Defendant Deputy Valenza had allowed the vehicle in front of her to turn left, he prohibited the plaintiff from doing so. (Id.) When the plaintiff told Defendant Deputy Valenza that she had just been informed that she would be able to make the left into PNC Field, Defendant Valenza allegedly responded, "you'll drive straight or I'm arresting you." (Id. ¶ 14).

In response to Defendant Valenza's statement, the plaintiff replied, "what will I be arrested for?" (Id. ¶ 15). After the plaintiff's reply, Defendant Deputy Valenza allegedly instructed the plaintiff to place her vehicle in park. (Id. ¶ 16). He then opened the car door, grabbed the plaintiff's left arm, and proceeded to pull the plaintiff out of the vehicle. (Id. ¶¶ 16-18). Continuing to grab the plaintiff's arm, Defendant Deputy Valenza proceeded to arrest the plaintiff. (Id. ¶ 20). When another police officer allegedly approached the scene, Defendant Deputy Valenza ultimately decided not to issue the plaintiff a citation and subsequently released her from his custody. (Id. ¶¶ 23-26). As a result of being pulled out of the vehicle, the plaintiff alleges that Defendant Deputy Valenza injured her neck and left shoulder. (Id. ¶ 39).

The next day, the plaintiff spoke with Defendant Lackawanna County Sheriff's Department's Chief Deputy Jim Boland regarding Defendant Deputy Valenza's actions. (Id. ¶ 29). On August 17, 2016, the plaintiff again spoke with

Boland concerning her complaint against Defendant Valenza. (Id. ¶ 30). Boland advised the plaintiff that if she did not drop her complaint, he would find something to cite her for. (Id. ¶ 31).

Based on these facts, on April 11, 2018, the plaintiff initiated this lawsuit against Defendant Deputy Valenza in his individual and official capacity and Lackawanna County. (Doc. 1). The Amended Complaint raises the following three causes of action: Count 1, Excessive Force pursuant to 42 U.S.C. § 1983 and Pennsylvania Law against Defendant Deputy Valenza; Count 2, Excessive Force Pursuant to 42 U.S.C. § 1983, against Defendant Lackawanna County; and Count 3, Assault and Battery, against all defendants. (Doc. 7). On June 1, 2018, the defendants filed the instant motion to dismiss and motion for a more definite statement. (Doc. 9). The parties briefed their respective positions bringing the case to its present posture. (Id.)

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for civil rights violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

The defendants filed their motion to dismiss the plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts "justifying moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch.

Dist., 132 F.3d 902, 906 (3d Cir. 1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d. Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendants Deputy Valenza and Lackawanna County collectively move to dismiss the Amended Complaint asserted against them. The defendants argue the following: that all claims against Defendant Valenza in his official capacity should be dismissed; that the Pennsylvania state law claim for excessive force alleged against Defendant Deputy Valenza should be dismissed; that the excessive force claim against Defendant Lackawanna County should be dismissed; that the assault and battery claim against Lackawanna County should be dismissed; and that the prayer for injunctive relief should be dismissed. The plaintiff concedes to: dismissal of Defendant Deputy Valenza in his official capacity as an officer; dismissal of the plaintiff's prayer for injunctive relief; and

dismissal of the plaintiff's excessive force claim against Defendant Deputy Valenza under Pennsylvania state law.[1]

Thus, the remaining issues are whether the court should dismiss Count 2's section 1983 claim and Count 3's assault and battery claim of the plaintiff's complaint against Defendant Lackawanna County for failure to state a claim and whether the court should grant the defendants' motion for a more definite statement. We will begin with the defendants' motion to dismiss.

## I. Motion to Dismiss

### a. Count 2 against Lackawanna County

Count 2 of the complaint alleges that Defendant Lackawanna County acquiesced to the use of excessive force through its elected Sheriff and the leadership of the Sheriff's Department. (Doc. 7, ¶ 57). Defendant Lackawanna County contests whether it should be dismissed as a separate entity from the Sheriff's Department—whose actions allegedly violated the plaintiff's constitutional rights—and whether the plaintiff sufficiently pled an excessive force claim against it. We will first address whether Lackawanna County should be dismissed as a separate entity from the Sheriff's Department.

---

[1] Although the defendants urge us to dismiss these claims with prejudice, we will dismiss without prejudice because the facts could change as the parties proceed through discovery.

### 1. Whether Lackawanna County should be dismissed because it is a separate entity from the Sheriff's Department.

Here, the plaintiff alleges that the members of the Sheriff's Department used excessive force against her. Defendant Lackawanna County argues that it should be dismissed as a party because it is the Sheriff's Department, not the County, which allegedly used excessive force, and the county is not an entity connected with the Sheriff's Department. The County's argument lacks merit.

The Sheriff's Department is not a separate entity from the County. The Pennsylvania Constitution explicitly states that sheriffs are county officers. See PA. CONST. art. IX, § 4 ("County officers shall consist of . . . sheriffs"). In fact, when a sheriff's department is alleged to have violated a person's constitutional rights, it is the County which must be sued. The Sheriff's Department is a unit of Lackawanna County government. As such, it does not have an independent corporate existence and is not a person that can be sued under section 1983. See Garcia v. County of Bucks, Pa., 155 F. Supp. 2d 259, 263 n.4 (citing Bonenberger v. Plymouth Twp., 132 F.3d 20, 26 n. 4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police as a single entity for purposes of section 1983 liability.").

Accordingly, the plaintiff has named the correct party in suing the County for alleged wrongdoing by the Sheriff's Department. The County's position is utterly meritless, and this portion of the motion to dismiss will be denied.

**2. Excessive Force**

After deciding that Defendant Lackawanna County should not be dismissed as a separate entity, we must now analyze the plaintiff's excessive force claim against the county. Defendant Lackawanna County alleges that the plaintiff has failed to allege sufficient facts to state a claim for excessive force against Lackawanna County. (Doc. 9). We disagree with the defendant.

To obtain a judgment against a municipality under § 1983, a plaintiff must prove that the municipality itself supported the violation of the rights alleged. Monell v. Dept. of Soc. Servs. Of New York, 436 U.S. 658, 694 (1978). Section 1983 liability attaches to a municipality when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. (emphasis added).

"In either of these cases it is incumbent upon a plaintiff to show that a policymaker is responsible either for the policy or, through acquiescence, for the custom." Hennessy v. Santiago, 708 A.2d 1269, 1274 (Pa. Super. Ct. 1998). (emphasis added). The United States Supreme Court has held that "municipal

liability may be imposed for a single decision by municipal policymakers," for acts that the municipality has officially sanctioned. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

Here, when accepting all factual allegations in the plaintiff's Amended Complaint as true and in a light most favorable to the plaintiff, the pleadings indicate that Defendant Lackawanna County, in doing business as a Lackawanna County Sheriff's Department, acquiesced, supported, and sanctioned Defendant Valenza's alleged aggressive and physical contact with the plaintiff by failing to train and discipline Defendant Valenza for his inappropriate use of force. (Doc. 7 ¶¶ 34-35). Defendant Lackawanna County's Deputy Sheriff Boland further acquiesced to Defendant Valenza's use of excessive force by threatening the plaintiff with manufactured charges if she would not drop the citizen complaint against Defendant Valenza. (Doc. 7 ¶¶ 27-35).

The plaintiff's allegations raise a reasonable expectation that discovery could reveal evidence of acquiescence to excessive force. As such, the plaintiff has pled sufficient facts to justify moving the plaintiff's claim to the next stage of litigation. We will deny Defendant Lackawanna County's motion to dismiss the plaintiff's excessive force claim in Count 2.

### b. Count 3—Assault and Battery

Next, Defendant Lackawanna County moves to dismiss the plaintiff's assault and battery claim against it. Defendant Lackawanna County asserts that the plaintiff has failed to state a claim for assault and battery under a *respondeat superior* theory. We disagree with Defendant Lackawanna County.

An employer is liable for the acts of its employee, which are committed during and within the scope of the employee's employment. <u>Lunn v. Yellow Cab Co.</u>, 169 A.2d 103, 104 (Pa. 1961). It has long been settled that the liability of the employer may extend even to intentional or criminal acts committed by the employee. See <u>Pilipovich v. Pittsburgh Coal Co.</u>, 172 A. 136 (Pa. 1934).

Pennsylvania courts have articulated certain factors in determining whether an employee's actions are within the scope of employment. Conduct of a servant is within the scope of employment if:

a) it is of the kind he is employed to perform;
b) it occurs substantially within the authorized time and space limits;
c) it is actuated, at least in part, by a purpose to serve the master, and
d) if force is intentionally used by the servant against another, the use of the force is not unexpectable by the master.

<u>Fitzgerald v. McCutcheon</u>, 410 A.2d 1270, 1272 (Pa. Super. 1979).

Here, based on the facts alleged in the amended complaint, the plaintiff has sufficiently alleged that Defendant Deputy Valenza was acting within the scope of his employment. (Doc. 7, ¶ 9). The plaintiff's complaint indicates that Defendant

10

Valenza was on duty while performing his duties directing traffic under the direction of his employer Defendant Lackawanna County, therefore, acting within the scope of his employment. (Id.) The plaintiff alleges in her complaint that while Defendant Deputy Valenza was acting within the scope of his employment, he grabbed her arm in the process of arresting her without justification. (Id. ¶¶ 16-18). We can also infer that a county that manages a sheriff's department can expect that its officers at some point will intentionally exercise force when appropriate. Consequently, Defendant Valenza's conduct is of the kind he is employed to perform. The plaintiff has sufficiently pled that Defendant Valenza was acting within the scope of his employment when he used force by grabbing the plaintiff's arm. (Doc. 7 ¶ 16-18). Defendant Lackawanna County could be liable for the intentional torts of its employee Defendant Valenza.

We find that the plaintiff's pleadings are enough to allege an assault and battery claim under a *respondeat superior* theory. The plaintiff's assault and battery allegations give Defendant Lackawanna County fair notice of what the claim is and the grounds upon which it rests. Twombly, 550 U.S. at 570 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). We will deny Defendant Lackawanna County's motion to dismiss this claim.

### II. Motion for a More Definite Statement

Finally, Defendants Valenza and Lackawanna County move for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e), which provides that a party may move for a more definite statement where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

Here, Defendants Valenza and Lackawanna County move for a more definite statement regarding all claims alleged against them. (Doc. 9). As stated above, it is our view that the plaintiff has pled sufficient facts regarding these claims. Defendants Valenza and Lackawanna County have failed to provide any rationale for a more definite statement. We will, therefore, deny the defendants' motion.

### Conclusion

For the reasons set forth above, we find that the plaintiff has sufficiently alleged excessive force and assault and battery claims against Defendant Lackawanna County. Therefore, we will deny the defendants' motion to dismiss and motion for a more definite statement. Per the plaintiff's agreement, Defendant Valenza—in his official capacity—will be dismissed from this case, the plaintiff's prayer for injunctive relief will be dismissed, and the plaintiff's excessive

force claim under Pennsylvania state law will be dismissed.  An appropriate order follows.

**Date:  January 9, 2019**				**BY THE COURT:**


						**s/  James M. Munley**
						**JUDGE JAMES M. MUNLEY**
						**United States District Court**